NO. 07-05-0371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 30, 2006

______________________________

LAQUANNA LASHAE MEANDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 49,934-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant LaQuanna LaShae Meander appeals the revocation of her community supervision and accompanying sentence of five years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We will affirm the trial court’s judgment and grant counsel’s motion to withdraw.

Appellant was indicted for the offense of possession of a controlled substance.  On December 16, 2004, appellant entered a plea of guilty to the offense.   In accordance with the negotiated plea bargain, the trial court sentenced appellant to five years imprisonment suspended for five years of community supervision, a $1,000 fine, and $140.00 in restitution.

On July 7, 2005, the State filed its Motion to Revoke Order for Community Supervision. Among other violations, the motion alleged appellant intentionally and knowingly possessed a controlled substance on or about December 17, 2004, the day following appellant’s placement on community supervision.  On September 30, 2005, appellant entered her plea of true to the allegations in the Motion to Revoke Order for Community Supervision.  At the conclusion of the September 30, 2005 hearing, the trial court found appellant had violated the conditions of her community supervision and revoked it.  The court ordered her to serve the original sentence imposed on her conviction.

Appellant’s counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous.  
See
 
Anders v. California
, 386 U.S. 738, 744-45 (1967).  Counsel has also filed a motion to withdraw and, by letter, informed appellant of her right to file a pro se brief.  
Johnson v. State
, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref’d).  By letter dated April 19, 2006, this court also notified appellant of her opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by her counsel, granting her until May 19, 2006 to do so.  This court’s letter also reminded appellant to contact her counsel if she needed to review any part of the appellate record to prepare a response.  Appellant has not filed a brief or other response.  

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal.
(footnote: 1)  
See Penson v. Ohio
, 488 U.S. 75 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  After reviewing the record before us and counsel’s brief, we agree with counsel that the appeal is frivolous.  
See Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel’s motion to withdraw is granted and the trial court’s judgment is affirmed.

James T. Campbell

         Justice

Do not publish.  

 and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the reporter’s record and supplemental clerk's record to be filed with the clerk of this court on or before May 20, 2003.  Should additional time be needed to perform these tasks, the trial court may request same on or before May 20, 2003.   

     It is so ordered. 

Per Curiam 

     

FOOTNOTES
1: Counsel’s brief addressed appellant’s December 2004 guilty plea proceeding.  Our review is limited, though, to any issues related to revocation of appellant’s community supervision.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).